By the Court
(Weygandt, C. J.).
The conceded facts present several questions. However, the court is of the opinion that it is necessary to consider but the one relating to the subsequent action of the Industrial Commission, as outlined in the second defense of the answer. It appears that the relatrix filed a petition in error in the Court of Appeals seeking a reversal of the judgment of the Court of Common Pleas. After this error proceeding had been pending for some time, the relatrix abandoned this procedure by dismissing her petition in error. At approximately the same time, she filed with the Industrial Commission a paper designated as an application for reconsideration. Correctly or incorrectly this was granted, and another hearing was had, resulting again in a disallowance of the claim. No further action was taken until more than four years later, when the relatrix again requested a rehearing. After a hearing upon this request, the Industrial Commission approved the following journal entry:
“It appearing from proof of record that this claim was disallowed August 18th, 1926, thereupon applica *294 tion for rehearing was filed by the claimant and dismissed for the reason it was not filed within thirty days. An appeal was taken direct to the Common Fleas Court which appeal was dismissed upon motion of Counsel for the State Insurance Fund.
“An application for reconsideration was then filed with various affidavits. The claim was re-opened and thoroughly considered by the Commission and again disallowed April 20, 1928, but no application for rehearing has been filed since the Commission’s order of April 20,1928, disallowing this case. Therefore, there is nothing at this time which can be considered by the Commission.”
This court is of the view that, while the method of procedure employed by the relatrix has been unusual, it has nevertheless had the practical result of a full and thorough consideration of her claim by the Industrial Commission. When her application for reconsideration was granted by the commission, her claim was reopened, reheard, reconsidered, and again denied. Then, instead of promptly availing herself of further action, the relatrix permitted the matter to lie dormant for more than four years. Under these circumstances this court can do nothing but grant the respondent's motion and deny the writ. If the writ were allowed, it would have the effect of compelling a mere futile repetition of a process of which the relatrix has in fact had the full benefit on at least one occasion.

Writ denied.

Allen, Stephenson, Jones and Matthias, JJ., concur.
Bevis and Zimmerman, JJ., not participating.